**In re Zane Gregory MAYES, Debtor.**

**Diana P. Mayes, Plaintiff,**

v.

**Zane Gregory Mayes, Defendant.**

**Bankruptcy No. 10–50261.**
**Adversary No. 10–05031.**

United States Bankruptcy Court,
W.D. Virginia,
Harrisonburg Division.

July 26, 2011.

Rodger L. Smith, Esquire, for Debtor.

Nancy M. Reed, Esquire, Luray, VA, for Plaintiff.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Harrisonburg in said District on this 26th day of July, 2011:

On June 2, 2010, the Plaintiff filed her Complaint to deny discharge of a debt under 11 U.S.C. § 523(a)(15). On December 3, 2010, the Plaintiff filed her Amended Complaint. On December 22, 2010, the Debtor filed his Response to the Amended Complaint. On February 22, 2011, the parties filed a Joint Stipulation of Facts. On March 27, 2011, the Plaintiff filed a Memorandum in Support of her Complaint. On April 1, 2011, the Debtor filed a Memorandum in Support of his Response to the Amended Complaint. The parties did not request oral argument and agree that the matter is ripe for decision. After considering the arguments of the parties and the evidence presented the Court makes the following findings of fact and conclusions of law.

### Facts

On November 12, 2003, the Plaintiff and the Debtor borrowed $82,000.00 from Page Valley Bank (hereafter the "Loan"). The Loan was made in the names of Diana L. Mayes and Zane G. Mayes. The Loan was secured by a residence owned by Vance E. Presgraves, the father of the Plaintiff. The term of the loan is fifteen years with a final due date of November 17, 2018. Proceeds of the Loan were used to consolidate various unsecured debts of the parties and to pay off the existing deed of trust note on Mr. Presgrave's property.

At the time the Loan was made and at all times during which the proceeds of the Loan were used the parties were married. The parties separated on October 8, 2008 and were divorced on May 20, 2010, by a Decree of the Circuit Court of Page County, Virginia (hereafter the "Divorce Decree").

On February 23, 2010, the Debtor filed his Chapter 7 petition. In his schedules he listed the debt owed on the Loan and stated that the amount of the claim by Page Valley Bank on behalf of the Loan

was $57,034.42. The Debtor further stated that he was a codebtor on the Loan.

In her complaint the Plaintiff alleges that the debt owed on the Loan, as listed in the Debtor's bankruptcy petition, be declared nondischargeable under 11 U.S.C. § 523(a)(15). The Plaintiff contends that she has made all but one of the payments on the Loan. The Plaintiff appears to further assert that because the Loan is in both of the parties' names that she is owed contribution by the Debtor for all of the payments she has made on the Loan. The Plaintiff concludes that the contribution she claims to be owed is a debt to her, as his former spouse, and not a debt to Page Valley Bank. As such, the Plaintiff asserts that she is entitled to have the debt arising from the Loan declared nondischargeable under § 523(a)(15).

In his timely filed response, the Debtor asserts that the Plaintiff is not entitled to nondischargeability under § 523(a)(15) because (1) the debt on the Loan is due to Page Valley Bank and not the spouse; (2) the debt was not incurred in the course of a divorce or separation; and (3) the debt was not in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

*Discussion*

■ 11 U.S.C. § 523(a)(15) states that

(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt—

(15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in

accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15) (West, 2011). In order to obtain relief under § 523(a)(15) the party seeking nondischargeability must, by a preponderance of the evidence, prove the following elements: (1) that the debt in question is owed to a spouse, former spouse, or child of the debtor; (2) that the debt in question is not of the kind described in § 523(a)(5); and (3) that the debt in question was incurred by the debtor (a) in the course of a divorce, (b) in the course of a separation, or (c) in connection with a(I) separation agreement, (ii) divorce decree or other order of a court of record, or (iii) a determination made in accordance with State or territorial law by a governmental unit. All elements of proof must be satisfied in order to obtain relief under § 523(a)(15).

■ The Court finds that the Loan is between the Plaintiff and the Debtor as codebtors, and Page Valley Bank, as the lender. It is not between the Plaintiff and the Debtor. The Plaintiff does not have a judgment against the Debtor requiring him to pay contribution to her on account of the Loan nor does the Plaintiff present any documentation that would indicate that the Debtor has agreed to pay the Plaintiff on account of the Loan. Accordingly, the Court finds the Loan is not owed to the Plaintiff and thus, fails to satisfy the first requirement of § 523(a)(15). Since all requirements must be satisfied in order to obtain relief under § 523(a)(15) the Court finds that the Plaintiff is not entitled to have the Loan declared nondischargeable under § 523(a)(15).

Even if the debt owed on the Loan was owed to the Plaintiff the Court finds that said debt is not entitled to nondischargeability under § 523(a)(15) because the debt was not incurred in the course of a divorce or separation. Indeed, the Loan was exe-

cuted nearly five years prior to their separation. Additionally, the debt owed on the Loan is not in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit. The Debtor has entered into evidence the Divorce Decree from the Page County Circuit Court. Nowhere in the Divorce Decree does it specify that the Debtor is to pay the Plaintiff money on account of the Loan. The Plaintiff has not provided any evidence that would support her claim that the debt owed on account of the Loan was in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit. Therefore, the Court finds that the Plaintiff has not met her burden with respect to the third element of proof required by § 523(a)(15).

In conclusion, the Court finds that the Plaintiff has failed to prove all of the elements of proof required by § 523(a)(15) and thus, the Plaintiff's complaint shall be dismissed. Accordingly, it is

### ORDERED

That the Plaintiff's Amended Complaint in the above-captioned adversary proceeding be **DISMISSED.**